UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **TOMMY COLEMAN,** | Case No. 2:21-cv-1331 |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| v. | |
| **SYSTEM ONE HOLDINGS, LLC,** | |
| **Defendant.** | |

# COMPLAINT

### SUMMARY

1. Plaintiff Tommy Coleman ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from System One Holdings, LLC ("System One" or "Defendant") under the Fair Labor Standards Act ("FLSA").

2. Plaintiff worked for System One as an Inspector.

3. Plaintiff's duties included inspecting interstate pipelines to ensure the safe transportation of oil and gas in interstate commerce.

4. Plaintiff worked for System One in excess of forty (40) hours each week.

5. But System One did not pay Plaintiff overtime.

6. Instead of paying overtime as required by the FLSA, System One paid Plaintiff a day rate without overtime compensation.

7. This lawsuit seeks to recover the unpaid overtime wages and other damages owed to Plaintiff.

### JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

10. System One's corporate headquarters are located at 210 Sixth Avenue, Suite 3100, Pittsburgh, PA 15222 in this District and Division.

## THE PARTIES

11. Plaintiff worked for System One from approximately July 2018 until approximately November 2018 as a Coating Inspector.

12. Plaintiff worked for System One in West Virginia.

13. Throughout his employment, Plaintiff was paid a flat daily rate for each day worked, regardless of the total hours worked in a workweek ("day rate").

14. System One did not pay Plaintiff a salary.

15. System One did not pay Plaintiff hourly.

16. System One's pay scheme is a per se violation of the FLSA and related state laws. *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d. 183, 191 (6th Cir. 2017); *Hewitt v. Helix Energy Sols. Grp., Inc.*, No. 19-20023, 2021 WL 4099598 (5th Cir. Sept. 9, 2021).

17. System One is a Texas limited liability company and can be served with service of process at System One Holdings, LLC, c/o National Corporate Research, Ltd., 1601 Elm St., Ste. 4360, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, System One was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, System One was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, System One has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

21. At all relevant times, System One has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

22. In each of the past 3 years, System One's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

23. System One provides "targeted oil and natural gas staffing and integrated services to upstream, midstream, and downstream companies."[1]

24. System One's staffing services for oil and gas companies, include "Midstream: transportation, distribution and storage."[2]

25. System One markets its midstream oil and gas staffing services as helping "design, install, and maintain transport and pipeline systems."[3]

26. System One employed Plaintiff and staffed him to work on oil and gas pipelines for System One's client(s).

27. System One's clients are companies that own and/or operate pipelines.

28. System One's clients' entire industry is related to the exploration, production, and transportation of oil and gas goods.

---

[1] https://www.systemoneservices.com/specialties/energy/oil-natural-gas/
[2] https://www.systemoneservices.com/specialties/energy/oil-natural-gas/
[3] https://www.systemoneservices.com/specialties/energy/oil-natural-gas-2/midstream/

29. System One's clients build, repair, and/or maintain pipelines that enable the movement of goods, specifically oil and gas, across state lines as a stream of interstate commerce.

30. Through Plaintiff's job duties of inspecting elements of the pipeline infrastructure, Plaintiff was responsible for the safe transportation of oil and gas.

31. The United States Department of Transportation regulates pipeline and safety maintenance, including through the Pipeline and Hazardous Materials Safety Administration

32. The Pipeline and Hazardous Materials Safety Administration sets federal standards that pipelines must comply with in their operation.

33. Plaintiff's duties included ensuring pipelines are constructed and/or repaired in accordance with established standards, procedures, plans, and regulations.

34. Plaintiff assisted System One's clients in meeting all operation requirements set forth by the Pipeline and Hazardous Materials Safety Administration on a federal level and by related state agencies.

35. If Plaintiff did not perform his job correctly, the pipelines could rupture or explode, causing serious personal, environmental, and financial harm.

36. The inspection services Plaintiff provided to System One and its clients was necessary to keep the intra- and interstate flow of oil and gas.

37. Plaintiff's work was centered on ensuring the safe transport of oil and gas to its ultimate destination.

38. System One and its clients rely on Plaintiff to inspect pipelines and ensure the safe transportation of goods in interstate commerce.

39. Without the work of pipeline inspectors like Plaintiff, the oil and gas pipelines of System One's clients would not exist to transport oil and gas interstate.

40. At all relevant times, Plaintiff was actively and directly engaged in the transportation of oil and gas across state lines.

41. Plaintiff performed work that directly progressed the movement of goods, specifically oil and gas, across state lines.

42. Plaintiff performed work directly affecting the channels of commerce.

43. Plaintiff was employed directly in the channels of commerce.

44. At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce.

## CAUSES OF ACTION

### I.   FLSA VIOLATIONS

45. Plaintiff worked for System One under its day rate pay scheme.

46. Plaintiff received a day rate for each day he worked for System One.

47. Plaintiff received the day rate regardless of the number of hours he worked in a week, even when he worked more than 40 hours.

48. If Plaintiff did not work, he did not get paid.

49. Plaintiff did not receive overtime pay.

50. Plaintiff never received guaranteed weekly compensation from System One irrespective of the day worked (i.e., the only compensation he received is the day rate he was assigned for all hours worked in a single day or week).

51. This is despite the fact Plaintiff often worked 12 or more hours a day, for 6 to 7 days a week, for weeks at a time.

52. Plaintiff did not receive a salary.

53. Plaintiff was not employed on a salary basis.

54. System One knew Plaintiff worked more than 40 hours in a week.

55. System One knew, or showed reckless disregard for, whether Plaintiff was entitled to overtime under the FLSA.

56. Nonetheless, System One failed to pay Plaintiff overtime.

57. System One willfully violated the FLSA.

58. By failing to pay Plaintiff overtime at one-and-one-half times his regular rate, System One violated the FLSA's overtime provisions.

59. System One's compensation scheme of paying Plaintiff a day rate with no overtime compensation for weeks in which he worked over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

60. System One owes Plaintiff the difference between the rate actually paid (day rate) and the proper overtime rate for all overtime hours worked.

61. Because System One knew, or showed reckless disregard for whether, its pay practices violated the FLSA, System One owes these wages for at least the past three years.

62. System One did not comply with the FLSA in good faith.

63. System One did not have a subjective believe that it was complying with the FLSA.

64. System One did not have objective reasons to believe it was complying with the FLSA in good faith.

65. System One never investigated its pay practice.

66. System One was aware of other FLSA lawsuits involving a day rate.

67. System One has not made changes to its pay practice over the past 5 years.

68. System One is liable to Plaintiff a for an amount equal to all unpaid overtime wages as liquidated damages.

69. Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**JURY DEMAND**

70. Plaintiff demands a trial by jury.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against System One as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding System One liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to his unpaid compensation;

b. For an Order awarding Plaintiff his costs of this action;

c. For an Order awarding Plaintiff his reasonable attorneys' fees and expenses as provided by the FLSA;

d. For an Order awarding pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
PA Bar 308410
**Andrew W. Dunlap**
PA Bar 241078444
**Rochelle D. Prins**
AZ Bar 031393
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rprins@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500

>Houston, Texas 77046
>713-877-8788 – Telephone
>713-877-8065 – Facsimile
>rburch@brucknerburch.com
>
>And
>
>**Joshua P. Geist**
>PA ID No. 85745
>**GOODRICH & GEIST PC**
>3634 California Ave.
>Pittsburgh, Pennsylvania 15212
>412-766-1455 – Telephone
>412-766-0300 – Facsimile
>josh@goodrichandgeist.com
>
>**ATTORNEYS IN CHARGE FOR PLAINTIFF**