IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOMMY COLEMAN AND JASON PERKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:21-cv-01331-AJS |
| | ) | |
| | ) | Electronically Filed |
| v. | ) | |
| | ) | |
| SYSTEM ONE HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL DISCOVERY (Doc. 49)**

Upon consideration of Plaintiffs' Motion to Compel Discovery (Doc. 49), it is hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART AS**

**FOLLOWS**.

It is hereby ORDERED that Plaintiffs' Motion is GRANTED**,** Defendant's objection to

Plaintiffs' request that the Court order Defendant to produce System One employee Domenica

Heller to appear for deposition is overruled, and Defendant is ORDERED to present Domenica

Heller for deposition on or before December 20, 2024, in Pittsburgh, Pennsylvania.

It is hereby FURTHER ORDERED that Plaintiffs' Motion is GRANTED**,** Defendant's

objections to Plaintiffs' discovery requests are overruled, and Defendant is ORDERED to

supplement its written discovery responses, on or before December 6, 2024, as set forth below:

1. Defendant's objection that "Plaintiffs' Written Discovery Requests Were
   Untimely" (Doc. 52 at 3) is overruled.

2. System One's objections that Interrogatory Nos. 1, 2, 4, 5, 6, and 7 are overly
   broad, unduly burdensome, and not relevant or proportional to the needs of the
   instant matter to the extent they request information related to inspectors other

than the named Plaintiffs, Tommy Coleman and Jason Perkins, are overruled. Defendant is ORDERED to supplement its answers to Interrogatory Nos. 1, 2, 4, 5, 6, and 7 without limiting it to Coleman and Perkins.

3. System One's objection that Interrogatory No. 8 is overly broad, unduly burdensome, and not relevant or proportional to the needs of the instant matter to the extent it requests information related to inspectors other than the named Plaintiffs, Tommy Coleman and Jason Perkins, is overruled. Defendant is ORDERED to supplement its answer to Interrogatory No. 8 without limiting it to Coleman and Perkins. Defendant is further ORDERED to supplement its answer to explain why (including relevant facts and law) it contends the arbitration agreements are enforceable under the Pennsylvania Uniform Arbitration Act.

4. System One's objections that RFP Nos. 1, 2, 6, 7, 8, and 11 are overly broad, unduly burdensome, and not relevant or proportional to the needs of the instant matter to the extent they request information related to inspectors other than the named Plaintiffs, Tommy Coleman and Jason Perkins, are overruled. Defendant is ORDERED to supplement its responses to RFP Nos. 1, 2, 6, 7, 8, and 11 and produce relevant documents for all its inspectors without limiting it to Coleman and Perkins subject to the forthcoming protective order.

5. System One's objection that RFP No. 3 is overly broad, unduly burdensome, and not relevant or proportional to the needs of the instant matter is overruled. Defendant is ORDERED to supplement its response to RFP No. 3 and produce "All DOCUMENTS regarding training of INSPECTORS."

6. System One's objection that RFP No. 4 is overly broad and not relevant or proportional to the needs of the instant matter is overruled. Defendant is ORDERED to supplement its response t o RFP No. 4 and produce all Master Service Agreements between System One and any company identified in response to Interrogatory No. 1 (including those impacting all System One's pipeline inspectors, not just Coleman and Perkins) subject to the forthcoming protective order.

7. System One's objection that RFP No. 5 is overly broad and not relevant or proportional to the needs of the instant matter is overruled. Defendant is ORDERED to supplement its response to RFP No. 5 and produce "All DOT, PHMSA, FERC, and API requirements and regulations governing the work done by INSPECTORS."

8. System One's objection that RFP No. 10 is overly broad and not relevant or proportional to the needs of the instant matter is overruled. Defendant is ORDERED to supplement its response to RFP No. 10 and produce "Any administrative regulation, order, ruling, interpretation, or practice of the DOT or PHMSA that SYSTEM ONE contends supports its contention that INSPECTORS do not perform duties related to the transportation of

petrochemicals within the nationwide oil and gas infrastructure, from exploration and production to refining and distribution."

9. System One's objections that RFA Nos. 4, 5, 16, and 19 are overly broad, unduly burdensome, and not relevant or proportional to the needs of the instant matter to the extent it requests information related to inspectors other than the named Plaintiffs, Coleman and Perkins, are overruled. Defendant is ORDERED to supplement its responses to RFA Nos. 4, 5, 16, and 19 and fully respond without limitation to Coleman and Perkins.

10. System One's objections that RFA Nos. 3, 6, and 14 are not relevant or proportional to the needs of the instant matter are overruled. Defendant is ORDERED to supplement its responses to RFA Nos. 3, 6, and 14, and fully provide answers.

It is hereby FURTHER ORDERED that Plaintiffs' Motion is DENIED, Defendant's objections to Plaintiffs' discovery requests are sustained, and Defendant need not supplement its written discovery responses as set forth below:

1. While System One's objections that RFA Nos. 12, 15, 17, and 18 are not relevant or proportional to the needs of the instant matter are overruled, System One's objections to RFA Nos. 12, 15, 17, and 18 are sustained and System One need not supplement its responses to RFA Nos. 12, 15, 17, and 18, based on the representations of defense counsel that "[a]dditionally, System One is not in possession of information sufficient to provide a response to Request No. 12," "[a]dditionally, System One is not in possession of information sufficient to provide a response to Request No. 15," "[a]dditionally, System One is not in possession of information sufficient to provide a response to Request No. 17," and "[a]dditionally, System One is not in possession of information sufficient to provide a response to Request No. 18."

It is FURTHER ORDERED that the parties shall file supplemental briefs, as set forth in the Court's February 11, 2022 Order (Doc. 31), no later than January 10, 2025.

SO ORDERED, this 22nd day of November, 2024.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record